JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-03015-SB-RAO | Date: | June 17, 2022 |
|---|---|---|---|

| Title: | Matthew Pennon v. Subaru of America, Inc. et al. |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER GRANTING MOTION TO REMAND [Dkt. No. 14]

    This lemon law action involves a 2019 Subaru Ascent leased by Plaintiff Matthew Pennon.  Plaintiff sued Defendant Subaru of America, Inc. in San Luis Obispo Superior Court, alleging breaches of both the express and implied warranties under the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1750 *et seq.*  Dkt. No. 1-2 (Compl.).  Defendant removed this case based on diversity jurisdiction and Plaintiff now moves to remand on the grounds that Defendant has not demonstrated that the amount in controversy is over $75,000, as required by 28 U.S.C. § 1332.  Dkt. No. 14-1 (Mot.); *see also* Dkt. Nos. 21 (Opp.), 22 (Reply).  The Court finds this matter suitable for resolution without oral argument and vacates the June 24, 2022 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, the Court **grants** Plaintiff's motion and **remands** this case to state court.

    "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Consistent with the principle of limited jurisdiction, the removal statute, 28 U.S.C. § 1441(a), is strictly construed

against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To invoke a district court's diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of establishing it. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

Here, the amount in controversy is not clear from the face of the complaint. Plaintiff prays for various forms of relief—including restitution, civil penalties, incidental damages, prejudgment interest, attorneys' fees and costs—without specifying an amount of damages.[1] Compl. at 6-7. Thus, Defendant bears the burden to show that the amount in controversy exceeds $75,000. *Guglielmino*, 506 F.3d at 699 (explaining "the three different burdens of proof which might be placed on a removing defendant under varying circumstances"). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Plaintiff correctly argues that the case must be remanded because Defendant has not done so. Mot. at. 6.

It is undisputed that Plaintiff's actual damages—whether in the full amount of the vehicle's purchase price ($46,218.68, *see* Compl. ¶ 6) or after subtracting a purported mileage offset from that amount ($30,592, *see* Opp. at 4)—do not exceed $75,000. Thus, whether removal is proper turns on Plaintiff's claim for civil penalties. The complaint alleges that Plaintiff is entitled to "[a] civil penalty . . . of no more than two times actual damage." Compl. at 7. In light of this allegation, Defendant argues that the amount in controversy threshold has been

---

[1] "Interest and costs" are excluded from § 1332's amount-in-controversy requirement. *Guglielmino*, 506 F.3d at 700. Attorneys' fees (and incidental damages) are not excluded, but because Defendant "presents no substantive argument or evidence concerning fees [or incidental damages], the Court has no basis to include them in the amount in controversy." *Melendez v. Subaru of Am., Inc.*, No. 2:21-CV-02163-MCS-JC, 2021 WL 1929539, at *2 (C.D. Cal. May 13, 2021).

met, with or without the mileage offset, by doubling the actual damages figure to calculate the civil penalty and then adding that number to the actual damages figure. Opp. at 4. Defendant asserts that it "may rely on reasonable assumptions . . . that do not need to be proven." *Id.* at 5.

Defendant is mistaken. "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). To satisfy its burden, the removing party "must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018).

Here, Defendant has made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount. Civil penalties are available under § 1794(c) only if a defendant's violations are willful. *See Melendez*, 2021 WL 1929539, at *2. But Defendant relies entirely on a conclusory allegation in the complaint that Defendant "willfully failed and refused to promptly replace the Vehicle or make restitution to Plaintiff of the monies paid or payable towards the lease of the Vehicle." Compl. ¶¶ 23-24. Such reliance is insufficient. *See Melendez*, 2021 WL 1929539, at *2 (finding similar allegations inadequate to confer removal jurisdiction); *see also Castillo*, 2019 WL 6607006, at *2 (stating that "[a]bsent any specific argument or evidence for its inclusion, the Court will exclude the civil penalty under California Civil Code § 1794(c) from its amount-in-controversy calculation" and granting motion to remand where the defendant "failed to identify allegations justifying . . . an award" of civil penalties."); *Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDx), 2021 WL 927266, at *2-3 (C.D. Cal. Mar. 10, 2021) (same).

Even if Defendant had carried its burden to show that a civil penalty should be included in the amount in controversy, it nevertheless failed to prove that it is reasonable to double the amount of actual damages in arriving at the size of the likely award. Once again, Defendant does not rely on any specific allegation in the complaint or any evidence in support of its position (e.g., similar awards in other cases). Instead, Defendant is content to rest on a distinguishable case, *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275 (S.D. Cal. July 1, 2020). In denying the motion to remand in that case, the court emphasized that the "[p]laintiff alleges that he is entitled to the full 'civil

penalty of two times Plaintiff's actual damages,' and not up to that amount." *Id*. at *4.  The court in *Park* was persuaded that "the maximum amount of civil penalties" should be considered where the plaintiff has specifically "placed [that amount] in controversy." *Id*.  Here, by contrast, Plaintiff prays for a "civil penalty . . . of *no more than* two times actual damage." Compl. at 7.  This allegation distinguishes *Park*, as another court in this district has found. *Melendez*, 2021 WL 1929539, at *2.

In short, Defendant has the burden of proving that removal was proper in this case.  Assumptions do not satisfy that burden.  Yet that is virtually all Defendant has offered.  *See, e.g.,* Opp. at 5 (arguing that its "assumption that the amount in controversy includes the maximum amount of civil penalties is reasonable").  Particularly when placed against the backdrop of the Ninth Circuit's admonition that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," Gaus, 980 F.2d at 566, Defendant's showing has clearly fallen short.  The Court therefore **grants** Plaintiff's motion and **remands** this case to the Superior Court of California for the County of San Luis Obispo.